District Judge Thomas S. Zilly

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST IMMIGRANT RIGHTS PROJECT,

  Plaintiff,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

  Defendants.

Case No. 2:23-cv-01127-TSZ

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Pursuant to Rule 8, Federal Rules of Civil Procedure, Defendants United States Department of Homeland Security ("DHS"), and U.S. Immigration and Customs Enforcement ("ICE", together "Defendants"), by and through their undersigned counsel, hereby answer the Complaint ("Complaint") filed by Northwest Immigrant Rights Project, ("Plaintiff") on July 28, 2023, as follows:

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
2:23-cv-01127-TSZ - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
206-553-7970

# INTRODUCTION[1]

1. The allegations contained in the first two sentences of Paragraph 1 of the Complaint constitute Plaintiff's characterization of the case and conclusions of law, to which no response is required. The allegations contained in the third sentence of Paragraph 1 of the Complaint consist of Plaintiff's characterization of itself, to which no response is required. To the extent a response is deemed necessary, Defendants admit that this action purports to be brought under the Freedom of Information Act (FOIA) 5 U.S.C. § 552 et seq.

2. The allegations contained in Paragraph 2 of the Complaint do not set forth a claim for relief or aver facts in support of a claim under FOIA to which a response is required. To the extent a response is deemed required, Defendants deny Plaintiff's characterization of the events described in in Paragraph 2.

3. The allegations contained in Paragraph 3 consist of Plaintiff's characterization of news articles but does not set forth a claim for relief or aver facts in support of a claim under FOIA to which a response is required. Defendants respectfully refer the Court to the referenced articles for the best evidence of their content. To the extent that Plaintiff's characterization of the articles differs from their content, and to the extent any response is required, Defendants deny the remaining allegations in Paragraph 3.

4. Defendants admit that Plaintiff submitted a FOIA request dated May 17, 2023 to ICE and respectfully refers the Court to the FOIA request for the best evidence of its content. The remaining allegations in Paragraph 4 constitute Plaintiff's interpretation of the Performance-Based National Detention Standards (PBNDS) requirements, to which no response is required. To the extent a response is necessary, Defendants respectfully refer the Court to the PBNDS as

---

[1] For ease of reference, Defendant's Answer generally replicates the headings contained in the Complaint. Use of these topic headings below does not constitute an admission or acknowledgement by Defendants of their relevance or accuracy.

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
2:23-cv-01127-TSZ - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
206-553-7970

the best source of its content and deny characterization by Plaintiff that is inconsistent with the PBNDS.

5. The allegations contained in the first, second and third sentences of Paragraph 5 constitute Plaintiff's conclusion of law, to which no response is required. Defendant ICE admits it provided a FOIA submission acknowledgement letter to Plaintiff on June 5, 2023. The allegations contained in the last sentence of Paragraph 5 constitute Plaintiff's characterization for bringing this action to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 5.

## JURISDICTION AND VENUE

6. Paragraph 6 consists of legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendants state that the cited authority speaks for itself.

7. Paragraph 7 consists of legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendants state that the cited authority speaks for itself.

8. Paragraph 7 consists of legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendants state that the cited authority speaks for itself.

## PARTIES

9. The allegations contained in Paragraph 9 of the Complaint consist of Plaintiff's characterization of itself, to which no response is required. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of the Complaint, and on that basis, Defendants deny the allegations.

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
2:23-cv-01127-TSZ - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
206-553-7970

10. Defendants admit that DHS is a federal agency within the meaning of 5 U.S.C. § 552(f)(1), and that ICE is a component of DHS. Defendants deny all remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit that DHS is a federal agency within the meaning of 5 U.S.C. § 552(f)(1), and that ICE is a component of DHS. Defendants deny all remaining allegations contained in Paragraph 11 of the Complaint.

## FACTUAL ALLEGATIONS

12. The allegations contained in Paragraph 12 of the Complaint do not set forth a claim for relief or aver facts in support of a claim under FOIA to which a response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 12.

13. The allegations contained in Paragraph 13 of the Complaint do not set forth a claim for relief or aver facts in support of a claim under FOIA to which a response is required. To the extent a response is deemed necessary, Defendants deny Plaintiff's characterization of the events described in Paragraph 13.

14. The allegations contained in Paragraph 14 of the Complaint do not set forth a claim for relief or aver facts in support of a claim under FOIA to which a response is required. To the extent a response is deemed necessary, Defendants deny Plaintiff's characterization of the events described in Paragraph 14.

15. The allegations contained in Paragraph 15 of the Complaint do not set forth a claim for relief or aver facts in support of a claim under FOIA to which a response is required. To the extent a response is deemed necessary, Defendants deny Plaintiff's characterization of the events described in in Paragraph 15.

16. The allegations contained in Paragraph 16 of the Complaint do not set forth a claim for relief or aver facts in support of a claim under FOIA to which a response is required.

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
2:23-cv-01127-TSZ - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
206-553-7970

To the extent a response is deemed necessary, Defendants deny Plaintiff's characterization of the events described in in Paragraph 16.

17.     The allegations contained in Paragraph 17 of the Complaint are Plaintiff's argument and they do not set forth a claim for relief or aver facts in support of a claim under FOIA to which a response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 17.

18.     The allegations contained in Paragraph 18 of the Complaint do not set forth a claim for relief or aver facts in support of a claim under FOIA to which a response is required. The allegations appear to characterize unidentified press reports.  Defendants respectfully refer the Court to the referenced reports for the best evidence of their content.  To the extent that Plaintiff's characterization of the reports differs from their content, and to the extent any response is required, Defendants deny the allegations in Paragraph 18.

19.     The allegations contained in Paragraph 19 of the Complaint are Plaintiff's interpretation of PBNDS which do not set forth a claim for relief or aver facts in support of a claim under FOIA to which a response is required.  To the extent a response is necessary, Defendants respectfully refer the Court to the PBNDS as the best of its content and deny characterization by Plaintiff that is inconsistent with the PBNDS.

20.     Defendants admit that Plaintiff submitted a FOIA request dated May 17, 2023 to ICE and respectfully refer the Court to Plaintiff's FOIA request for the best evidence of its content. To the extent that Plaintiff's characterization of its FOIA request differs from the submitted FOIA request, and to the extent any response is deemed necessary, Defendants deny the remaining allegations in Paragraph 20.

21.     Defendant ICE admits e-mailing an acknowledgement letter to Plaintiff on June 5, 2023, and respectfully refer the Court to the FOIA request for the best evidence of its content. To

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
2:23-cv-01127-TSZ - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
206-553-7970

the extent that Plaintiff's characterization of Defendant ICE's acknowledgement letter differs from ICE's actual acknowledgement letter, and to the extent any response is deemed necessary, Defendants deny the remaining allegations in Paragraph 21.

22. The allegations contained in Paragraph 22 of the Complaint constitute Plaintiff's conclusion of law, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 22.

23. Defendant ICE admits that to date, no records have been released to Plaintiff, but otherwise denies the allegations in Paragraph 23.

24. The allegations contained in Paragraph 24 of the Complaint appear to relate to a third-party and an alleged FOIA request not at issue in this litigation. As such, these allegations do not set forth a claim for relief or aver facts in support of a claim under FOIA brought by Plaintiffs to which a response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 24.

25. The allegations contained in the first sentence of Paragraph 25 of the Complaint constitute Plaintiff's conclusion of law, to which no response is required. The remaining allegations appear to characterize a news article, which do not set forth a claim for relief or aver facts in support of a claim under FOIA to which a response is required. Defendants respectfully refer the Court to the referenced article for the best evidence of its content. To the extent that Plaintiff's characterization of the articles differs from their content, and to the extent any response is required, Defendants deny the allegations in Paragraph 25.

26. The allegations contained in Paragraph 26 of the Complaint are Plaintiff's rationale for requesting information and they do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief about the truth

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
2:23-cv-01127-TSZ - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
206-553-7970

of the allegations concerning Plaintiff's alleged rationale, and on that basis, Defendants deny the allegations deny the allegations in Paragraph 26.

27. The allegations contained in Paragraph 27 of the Complaint consist of Plaintiff's characterization of itself, to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 of the Complaint, and on that basis, Defendants deny the allegations.

## CLAIM FOR RELIEF

**(Violation of FOIA for Failure to Provide Timely Response to FOIA Request)**

28. Defendants incorporate by reference their responses to the Paragraphs above as though fully stated herein.

29. The allegations contained in Paragraph 29 of the Complaint constitute the Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants state that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the statute.

30. The allegations contained in Paragraph 30 of the Complaint constitute the Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants state that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the statute.

31. The allegations contained in Paragraph 31 of the Complaint constitute the Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants state that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the statute.

32. The allegations contained in Paragraph 32 of the Complaint constitute the

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
2:23-cv-01127-TSZ - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
206-553-7970

Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants state that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the statute.

33. The allegations contained in Paragraph 33 of the Complaint constitute the Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants state that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the statute.

**PRAYER FOR RELIEF**

The remainder of the Complaint consists of Plaintiff's Prayer for Relief, to which no response is required.  To the extent a response is deemed necessary, Defendants aver that Plaintiff is not entitled to the requested relief.

**GENERAL DENIAL**

Pursuant to Rule 8(b)(3), Defendants deny all allegations in the Complaint which they have not otherwise specifically admitted or denied herein.

To the extent that the Complaint refers to or quotes from external documents or other sources, Defendants' answer may refer to these materials; however such references are not intended to be, nor should they be construed to be, an admission that the materials cited in Plaintiff's Complaint are: correctly cited or quoted by Plaintiff; relevant to this or any other action; or admissible in this, or any other action.

**AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief may be granted under FOIA.

2. Plaintiff has failed to exhaust administrative remedies under FOIA.

3. Plaintiff is not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusions to FOIA, 5 U.S.C. § 552(b), the

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
2:23-cv-01127-TSZ - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
206-553-7970

Privacy Act, 5 U.S.C. § 552(a) and/or other provisions of law.

    4.    Plaintiff is not entitled to attorney's fees or costs.

    5.    The Court lacks jurisdiction to award relief that exceeds that authorized by FOIA.

    6.    At all times alleged in the Complaint, Defendants were acting in good faith, with Justification and pursuant to lawful authority.

    7.    Defendants reserve the right to amend, supplement and assert additional affirmative defenses.

DATED this 5th day of September, 2023.

Respectfully submitted,

TESSA M. GORMAN
Acting United States Attorney

*s/ Nickolas Bohl*
NICKOLAS BOHL WSBA #48978
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-4639
Fax: 206-553-4073
Email: nickolas.bohl@usdoj.gov

*Attorneys for Defendants*

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
2:23-cv-01127-TSZ - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
206-553-7970